UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

BRYAN RAMOS,

    Plaintiff,

v.

THOMAS MANAGEMENT LLC d/b/a
THOMAS CUISINE,
a Foreign Limited Liability Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BRYAN RAMOS ("Mr. Ramos" or "Plaintiff") files this Complaint against Defendant, THOMAS MANAGEMENT LLC, ("Thomas" or "Defendant"), and states as follows:

### INTRODUCTION

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), Americans with Disabilities Act, 42 U.S.C. § 12101 et seq, ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

### JURISDICTION, VENUE AND FMLA COVERAGE

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 *et seq*.

3. The Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331 as they arise under 42 U.S.C. § 12101 *et seq*.

4. The Court also has supplemental jurisdiction over Plaintiff's FCRA claim, as it arises out of the same operative facts and circumstances as his FMLA/ADA claims.

5. At all times relevant hereto, Plaintiff was an employee of Defendant.

6. Plaintiff worked for Defendant in Palm Beach County, Florida, and this venue, therefore is proper.

7. Defendant is a foreign limited liability company that provides foodservice in, among others, Palm Beach County, Florida, and is therefore within the jurisdiction of the Court.

8. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce that employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

9. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

10. Plaintiff is a disabled male. At all times material, Plaintiff was protected during his employment with Defendant by the FCRA and ADA because:

    a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of his disability or "perceived disability" by Defendant; and

      b.      Plaintiff suffered an adverse employment action and was subjected to an increasingly hostile work environment as a result of his disability or "perceived disability."

11.      Defendant was at all times an "employer" as envisioned by the ADA as well as §760.02(7), Fla. Stat.

## CONDITIONS PRECEDENT

12.      On or around March 20, 2019, Plaintiff dual filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

13.      More than 180 days have passed since the filing of the Charge of Discrimination.

14.      On March 9, 2020, the EEOC mailed Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within 90 days of his receipt of the same.

15.      Plaintiff timely files this action within the applicable period of limitations against Defendant.

16.      All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

17.      Plaintiff worked as a Sous Chef for the Defendant from January 5, 2017, until his adverse employment action on June 5, 2018.

18.      Mr. Ramos was an excellent employee, with no significant history of attendance, performance or disciplinary issues.

19. Unfortunately, Plaintiff suffered a severe ankle injury requiring surgery, which permanently affected his major life function of walking. As such, it is considered a protected disability under the FCRA/ADA.

20. Further, Plaintiff's severe ankle injury is considered a serious health condition under the FMLA due to his required surgery scheduled for March 14, 2018.

21. As such, Mr. Ramos filed/was approved for continuous FMLA from April 1, 2018 to May 18, 2018.

22. Mr. Ramos' post-surgical visit with his surgeon cleared him early with a return to work date for "light duty" on May 8, 2018.

23. On May 8, 2018, Mr. Ramos was met by Senior Food Service Director, Thomas Nicholson ("Mr. Nicholson") who informed him that Thomas was not going to accommodate him for "light duty" work and that he should go home until he is cleared to work without restrictions.

24. An employer is required to provide its disabled with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of his job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

25. This failure to provide the requested accommodation to Mr. Ramos is a clear violation of the ADA/FCRA.

26. The accommodation Mr. Ramos required was a 15-minute break to rest his ankle, when needed and/or every two (2) hours of standing.

27. This accommodation would not amount to a hardship for Thomas as many of its employees take similar "cigarette breaks" every few hours of work.

28. Mr. Ramos is an individual with a disability who, with minimal reasonable accommodation, was fully capable of performing the essential functions of his job as a Sous Chef.

29. Mr. Ramos returned to work, on or about May 9, 2018, with another note from his surgeon clearing him for full work duties.

30. At the start of his shift, Supervisor, Anthony Cammarano ("Mr. Cammarano") stopped Mr. Ramos to discuss Mr. Ramos' need to take it easy as he transitioned back to work post-surgery.

31. Mr. Ramos completed most of his full-day shift but required to go home two (2) hours early due to the pain and discomfort of his ankle. He again informed Mr. Cammarano of this required accommodation prior to leaving work.

32. Mr. Ramos was then scheduled to work on May 16, 2018 and he began the shift without incident working diligently at his duties without issue.

33. However, Mr. Cammarano pulled Mr. Ramos aside during the work shift and instructed him to go home.

34. Mr. Cammarano advised Mr. Ramos that Thomas refused the accommodation that Mr. Ramos required to complete his work, namely the ability to rest his ankle when he felt pain or discomfort.

35. Mr. Ramos in fact, was not feeling any pain or discomfort that day and had made no mention of the need for a break or other accommodation during the shift.

36. Mr. Cammarano made it clear that Thomas was not going to allow Mr. Ramos to work and that he would have to take more unpaid time off until he could provide additional reevaluation from his surgeon.

37. Despite having the ability to perform the essential functions of his job, Mr. Ramos was not allowed to continue to work.

38. Mr. Ramos wore supportive footwear and even an ankle brace provided by the surgeon to minimize the pain, discomfort and rest breaks required, yet Thomas failed to properly accommodate Mr. Ramos' disability as required by law.

39. Thomas retaliated further by blocking Mr. Ramos from performing his work duties; changing the passwords for his account and blocking Mr. Ramos' access to the Thomas database, while he was on federally protected medical leave.

40. Without the system passwords, Mr. Ramos could not access recipes, order supplies or schedule staff.

41. Mr. Ramos was punished by Thomas for taking the time off he was entitled to under the FMLA, and further retaliated against him when he attempted to return to work with his federally protected disability requiring reasonable accommodation.

42. Ultimately, Mr. Ramos was stopped by Thomas from performing any of his job duties because Thomas refused to provide him with the passwords required for access the system to place food orders or schedule staff. Such action constitutes actionable interference and retaliation under the FMLA. *See* 29 C.F.R. 825.220(a)(2).

43. As a result of these discriminatory and retaliatory acts, Mr. Ramos had no choice but to prepare a letter of resignation, dated June 5, 2018.

44. This discriminatory/retaliatory treatment, which resulted in Mr. Ramos' constructive discharge, violated the FMLA, the ADA and the FCRA.

45. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the Florida Civil Rights Act.

46. "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B)

47. Mr. Ramos' constructive discharge stemmed from Defendant's discriminatory animus toward his use of FMLA leave and need for accommodation under the ADA/FCRA.

48. The timing of Plaintiff's adverse employment action makes the causal connection between his use of FMLA, his request for reasonable accommodations under the ADA/FCRA, and his adverse employment action sufficiently clear.

49. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights.

50. Also, as a result of the foregoing, Defendant retaliated against Plaintiff for utilizing proper and authorized FMLA leave.

51. Any other reason given for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation and disability discrimination and retaliation.

52. Defendant did not have a good faith basis for its actions.

53. Defendant's actions are the exact type of unfair and retaliatory employment practices the ADA, FCRA, and FMLA were intended to prevent.

54. Additionally, the facts surrounding Plaintiff's adverse employment action also create a strong inference of disability discrimination/retaliation in violation of the ADA/FCRA.

55. The Defendant was aware of Plaintiff's ADA/FCRA-protected medical condition and need for accommodation.

56. Defendant, however, being well-aware of Plaintiff's condition, discriminated against Plaintiff for taking FMLA leave to seek treatment and for requesting reasonable accommodations.

57. At all material times hereto, Plaintiff was ready, willing and able to perform his job duties and otherwise qualified for his position, with "reasonable accommodation."

58. Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of his position, despite the fact that Plaintiff could perform same with reasonable accommodation.

59. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

60. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

61. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA/FCRA.

62. Plaintiff suffered sufficiently severe and pervasive treatment, because of his disability and/or "perceived disability."

63. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

**COUNT I**
**UNLAWFUL INTERFERENCE UNDER THE FMLA**

64. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-9, 17-22, 39-44, 47-53, 56, and 63 above.

65. At all times relevant hereto, Plaintiff was protected by the FMLA.

66. At all times relevant hereto, Defendant interfered with Plaintiff by having an aggressive and hostile demeanor in response to Plaintiff's request and use of FMLA.

67. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

68. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

69. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## UNLAWFUL RETALIATION UNDER THE FMLA

70. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-9, 17-22, 39-44, 47-53, 56, and 63 above.

71. At all times relevant hereto, Plaintiff was protected by the FMLA.

72. At all times relevant hereto, Defendant retaliated against Plaintiff by firing him for his use of FMLA protected leave.

73. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

74. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised his rights to take approved leave pursuant to the FMLA.

75. As a result of Defendant's intentional, willful and unlawful acts by retaliating against, Plaintiff for exercising his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

76. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

77. Plaintiff realleges and adopts the allegations contained in paragraphs 1, 3-7, 10-19, 22-48, and 51-63 above.

78. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

79. The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

80. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

81. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

82. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT IV
### RETALIATION UNDER THE ADA BASED ON DISABILITY

83. Plaintiff realleges and adopts the allegations contained in paragraphs 1, 3-7, 10-19, 22-48, and 51-63 above.

84. Plaintiff's adverse employment action was within close temporal proximity of his objection to Defendant that he felt he was being discriminated against based on his disability.

85. Plaintiff's objections constituted protected activity under the ADA.

86. Plaintiff suffered an adverse employment action as a direct result of his objections to what he reasonably believed to be disability discrimination.

87. Plaintiff's objections to Defendant's illegal conduct, and his termination, are causally related.

88. Defendant's stated reasons for Plaintiff's adverse employment action is a pretext.

89. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary

losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

90. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

91. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

**COUNT V**
**DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY**

92. Plaintiff realleges and adopts the allegations contained in paragraphs 1, 3-7, 10-19, 22-48, and 51-63 above.

93. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the Florida Civil Rights Act, Chapter 760, Florida Statutes.

94. The discrimination to which Plaintiff was subjected was based on his disability/handicap, or "perceived disability."

95. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary

losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

96.     The conduct of Defendant was willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

97.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

98.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

**COUNT VI**
**RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY**

99.     Plaintiff realleges and adopts the allegations contained in paragraphs 1, 3-7, 10-19, 22-48, and 51-63 above.

100.    Plaintiff's adverse employment action was within close temporal proximity of his objection to Defendant that he felt he was being discriminated against based on his disability/handicap.

101.    Plaintiff's objections constituted protected activity under the FCRA.

102.    Plaintiff's adverse employment action was a direct result of his objections to what he reasonably believed to be disability discrimination.

103. Plaintiff's objections to Defendant's illegal conduct, and his termination, are causally related.

104. Defendant's stated reasons for Plaintiff's termination are a pretext.

105. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

106. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

107. Plaintiff is entitled to recover his reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

108. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

### **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 3rd day of June 2020.

Respectfully Submitted,

**By:** ***/s/ Noah Storch***
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile:  (954) 337-2771
E-mail: **noah@floridaovertimelawyer.com**
